DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction entered by the Huron County Court of Common Pleas after defendant-appellant, Raymond Miller, pled guilty to one count of aggravated burglary and one count of felonious assault. From that judgment, appellant raises the following assignment of error:
 "I. The trial court erred to the prejudice of the Defendant-Appellant when it sentenced him to consecutive prison terms for two offenses arising from a single course of conduct with a single animus, where the combined sentences exceeded the maximum possible term for the more serious offense."
On August 18, 2000, appellant was indicted and charged with aggravated burglary, attempted murder and two counts of felonious assault as a result of his actions in the early morning hours of August 5, 2000. On that morning, appellant entered the home of Athena Natole, his former girlfriend, after seeing Natole leave for work. While in the home, appellant found an aluminum baseball bat and went to the bedroom where Jerold Redmond, Natole's current boyfriend, was sleeping. Appellant then began beating Redmond with the baseball bat and, according to Redmond, repeatedly yelled "I'm going to kill you." Redmond secured the bat from appellant and chased him from the home. Redmond sustained non life-threatening injuries as a result of the attack, including lacerations to his scalp and hands, a fracture or dislocation of his left index finger, a fracture of his left metatarsal bone, and contusions to his scalp, ribs and back.
On October 20, 2000, appellant entered a plea of guilty to aggravated burglary in violation of R.C. 2911.11(A)(1) or (2), a first degree felony, and to one count of felonious assault in violation of R.C.2903.11(A)(2), a second degree felony. The remaining charges were dismissed. Subsequently, the court called the matter for a sentencing hearing at which Redmond's mother, appellant's mother, appellant's former wife and appellant made statements to the court. In addition, the court considered a presentence investigation report. The court then sentenced appellant to eight years in prison on the aggravated burglary conviction and six years in prison on the felonious assault conviction. The court also ordered the sentences to be served consecutively, for a total of fourteen years imprisonment. It is from that judgment that appellant now appeals.
In his sole assignment of error, appellant challenges the consecutive nature of the sentences imposed by the trial court. Although the wording of the assignment of error itself suggests appellant is arguing that the offenses are allied offenses of similar import, in his brief appellant argues that the record does not support the court's imposition of consecutive sentences in this case because the harm caused by the attack was not great or unusual.
The overriding purposes of the felony sentencing statutes are to "protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Accordingly, the trial court's sentence should be reasonably calculated to achieve these purposes, mindful of the seriousness of the offender's conduct and its impact upon the victim, and consistent with other sentences imposed for similar conduct by similar offenders. R.C. 2929.11(B).
Pursuant to R.C. 2929.12(A), the trial court has discretion in determining the most effective way to comply with the principles and purposes of sentencing set forth in R.C. 2929.11. In exercising its discretion, however, a trial court must consider the factors enumerated in R.C. 2929.12(B) and (C) to determine whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. The court must further evaluate the factors enumerated in R.C.2929.12(D) and (E), which relate to the likelihood that the offender will commit future crimes.
In addition to the above, R.C. 2929.14(B) mandates that for a defendant who has not previously been sentenced to prison, the trial court must impose the shortest prison term possible unless it finds on the record that the shortest prison term will demean the seriousness of the offense or that such a term "will not adequately protect the public from future crime by the offender or others." Finally, before imposing consecutive sentences for multiple offenses, the trial court must find:
 "that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
A trial court must articulate its reasons for imposing consecutive sentences on a defendant. R.C. 2929.19(B)(2)(c).
In the present case, appellant was eligible for minimum prison terms as he had never before served a prison sentence. The minimum sentence for aggravated burglary is three years and the minimum sentence for felonious assault is two years. Nevertheless, appellant was sentenced to an eight year term on the aggravated burglary conviction and a six year term on the felonious assault conviction. Although neither sentence was the maximum possible term, the court did order that the terms were to be served consecutively, for a total sentence of fourteen years. In its judgment entry of sentence and at the sentencing hearing below, the trial court stated that it had considered the record, oral statements and the presentence investigation report, as well as the principles and purposes of sentencing under R.C. 2929.11 and had balanced the seriousness and recidivism factors in R.C. 2929.12. With regard to the seriousness factors under R.C. 2929.12(B) and (C), the court expressly found that the serious physical harm suffered by the victim made "this offense" more serious and stated that it found no factors under R.C. 2929.12(C) which would indicate that "the offense" was less serious. In making those findings, the court did not specify to which offense it was referring.[1]
The court then stated that, pursuant to R.C. 2929.12(D), factors which indicated that recidivism was more likely were appellant's history of criminal and juvenile delinquency adjudications, the fact that appellant had not responded favorably to sanctions that were previously imposed upon him, and appellant's acknowledged problem with alcohol. Pursuant to R.C. 2929.12(E), the court found that appellant had expressed genuine remorse.
After pronouncing the sentences and ordering that they be served consecutively, the court made the following findings:
 "First of all, the Court has not imposed the minimum sentence, even though this is the first time that the defendant has been sentenced to prison, because in this case the minimum sentence would demean the seriousness of the offense, and it would not adequately protect the public.
 "With regard to the Court's imposition of consecutive sentences, the Court finds that it is necessary to protect the public and to punish the defendant; that the consecutive sentences are not disproportionate to the conduct nor to the danger that the defendant posed, and also that the harm was so great or unusual that a single term would not adequately reflect the seriousness of the conduct.
 "I base that on the fact that the defendant savagely attacked the victim with a baseball bat while the victim slept. I do believe that is about the worst forms — one of the worst forms of the offense of felonious assault.
 "It may not have resulted in the worst injuries that could result from that attack, because clearly the worst thing that could have resulted from that attack was the death of the victim, and the defendant would then be facing either life imprisonment or the death sentence himself.
 "So, when one looks at the sentence that the Court has imposed, it seems to me is that it measures well for the acts that were committed.
 "Secondly, the defendant does have some history of violence. He has a history of a domestic violence conviction as a juvenile, and I note in his presentence investigation, with regard to his work, there had been episodes at work where he had reacted violently towards other workers, and had, in fact, been sanctioned by his employer for that.
 "Then thirdly, the defendant threatened to kill the victim, and he acted in a manner that was certainly capable of killing the victim.
 "So, for those reasons, I believe that consecutive sentences are appropriate in this case."
R.C. 2953.08(G)(2) provides in relevant part:
 "The court hearing an appeal under division (A),(B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
"* * *
"(b) That the sentence is otherwise contrary to law."
Upon review of the record below, including the statements at the sentencing hearing and the presentence report, we cannot find that the trial court's order of consecutive sentences was contrary to law. The court complied with R.C. 2929.14(E)(4) and articulated its reasons for imposing the consecutive sentences as required by R.C. 2929.19(B)(2)(c). We further find that the record contains sufficient evidence to support the trial court's finding that the harm caused by the multiple offenses was great or unusual. While the victim's physical injuries were not life-threatening, they did cause him to miss two and one-half months of work. Moreover, appellant's mother stated at the sentencing hearing below that the victim is still emotionally scarred by the attack. R.C.2929.14(E)(4)(b) does not specify that the harm suffered by the victim be physical.
Appellant's sole assignment of error is therefore not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, P.J.
PETER M. HANDWORK, J. and RICHARD W. KNEPPER, J. CONCUR.
[1] Although the trial court's reference to "the offense," rather than "the offenses," raises questions with regard to the court's consideration of the seriousness factors, appellant has not raised this issue on appeal and the court did state that it balanced the seriousness and recidivism factors in sentencing appellant as it did. We therefore must assume that it balanced those factors as to both offenses.